UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **SAMUEL MORTON** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Samuel Morton's Motion to Compel Grand Jury Transcripts (Doc. 1015). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Samuel Morton is one of twenty-one co-defendants in this criminal Racketeer Influenced and Corrupt Organizations Act ("RICO") case concerning alleged gang activity by a criminal organization known as the "Byrd gang" in and around New Orleans, Louisiana. He is the only defendant that is charged in both the First and Second Superseding Indictments. In the First Superseding Indictment, Defendant is referred to as "Samuel Morton" and a co-defendant, Nick Helmstetter, is referred to as "Nick Helmstetter, aka

1

'Sosa.'"[1] In the Second Superseding Indictment, which does not charge Mr. Helmstetter, Mr. Morton is referred to as "Samuel Morton aka 'Sosa.'"[2] It is on this basis that Defendant has filed the instant motion seeking to compel production of the grand jury transcripts in Mr. Morton's indictments "relative to the contradictory and exculpatory identification of 'Sosa.'"[3] The Government opposes.

## LEGAL STANDARD

With regard to the disclosure of grand jury proceedings, Federal Rule of Criminal Procedure 6(e)(3)(E) states that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter… (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. The burden is on the party seeking disclosure to show that 'a particularized need exists for the materials that outweighs the policy of secrecy."[4] A party seeking discovery of grand jury transcripts must show "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is

---

[1] Doc. 40.
[2] Doc. 415.
[3] Doc. 1015.
[4] United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993).

greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed."[5]

## LAW AND ANALYSIS

In this Motion, counsel for Defendant argues that evidence that a completely different person associated with the crimes charged went by the same nickname as Mr. Morton is exculpatory *Brady* evidence that should be turned over. However, counsel made this Motion just eight days after being appointed as counsel for Mr. Morton and without having reviewed much of the substantial amount of the discovery in this matter. Accordingly, this Court finds that Defendant's request is premature, and he has not yet shown that a particularized need for disclosure of the grand jury transcripts exists. If after reviewing a substantial amount of the discovery in this matter counsel for Defendant can show a particularized need for disclosure of specific portions of the grand jury testimony, this Court may entertain a re-urging of this Motion.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 13th day of March, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Id.*