UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                           NO: 19-204

SAMUEL MORTON                                    SECTION: "H"

ORDER AND REASONS

Before the Court is Defendant Samuel Morton's Motion to Suppress (Doc. 1101). For the following reasons, the Motion is **DENIED**.

BACKGROUND

Defendant Samuel Morton is one of twenty-one defendants in this criminal Racketeer Influenced and Corrupt Organizations Act ("RICO") case concerning alleged gang activity by a criminal organization known as the "Byrd gang" in and around New Orleans, Louisiana. The Second Superseding Indictment alleges fifty overt acts in the RICO conspiracy between 2014 and 2020. The instant Motion to Suppress concerns overt act number 23—an allegation that Defendant Morton possessed drugs and weapons in his car on October 4, 2016 while driving through Jackson County, Mississippi. On that date, an officer stopped the car that Defendant was driving for a traffic

1

violation on Interstate 10. According to the investigative report, the officer smelled marijuana upon approaching the car. As a result, officers removed the occupants of the car and searched its interior. The officers located a plastic baggie containing a small amount of marijuana in the center console. The officers then opened the trunk of the vehicle where they located a Glock 17, a Glock 30, and an AK-47 inside a backpack in the trunk.

In this Motion, Defendant argues that the search of the *trunk* of his car was unconstitutional and that all evidence seized from it should be suppressed. He has requested an evidentiary hearing on the issue. The Government opposes.

## **LEGAL STANDARD**

Evidentiary hearings on motions to suppress are not granted as a matter of course.[1] Rather, "an evidentiary hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'"[2]

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,' but 'contains no provision expressly precluding the use of evidence obtained in violation of its commands.'"[3] Nonetheless, Supreme Court precedent has "establish[ed] an exclusionary rule that, when applicable,

---

[1] United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983).
[2] United States v. Mergist, 738 F.2d 645, 648 (5th Cir. 1984) (quoting *Harrelson*, 705 F.2d at 737).
[3] Herring v. United States, 555 U.S. 135, 139 (2009) (quoting Arizona v. Evans, 514 U.S. 1, 10 (1995)). "It is beyond dispute that a vehicle is an 'effect' as that term is used in the Amendment." United States v. Jones, 565 U.S. 400, 405 (2012) (citing United States v. Chadwick, 433 U.S. 1, 12 (1977)).

2

forbids the use of improperly obtained evidence at trial."[4] "This rule—the exclusionary rule—is a 'prudential doctrine' . . . created by this Court 'to compel respect for the constitutional guaranty.'"[5] The purpose of the exclusionary rule is "to safeguard Fourth Amendment rights . . . through its deterrent effect."[6]

"Generally, on a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of her constitutional rights."[7] When the Government performs a warrantless search or seizure, however, the burden shifts to the Government to prove by a preponderance of the evidence that the search or seizure was constitutional.[8]

## LAW AND ANALYSIS

Defendant argues that the warrantless search of the trunk of his vehicle was unconstitutional. The Government rebuts that the automobile exception to the Fourth Amendment warrant requirement applies. "It is well settled that warrantless searches of automobiles are permitted by the Fourth Amendment if the officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime."[9] Probable cause to search a vehicle "depends on the totality of the circumstances viewed in light of the

---

[4] *Herring*, 555 U.S. at 139.

[5] Davis v. United States, 554 U.S. 229, 236 (2011) (citations omitted).

[6] United States v. Calandra, 414 U.S. 338, 348 (1974).

[7] United States v. Guerrero–Barajas, 240 F.3d 428, 432 (5th Cir. 2001) (citing United States v. Roch, 5 F.3d 894, 897 (5th Cir. 1993)); *see also* United States v. de la Fuente, 548 F.2d 528, 533 (5th Cir. 1977).

[8] United States v. McKinnon, 681 F.3d 203, 207 (5th Cir. 2012) (citing *Guerrero–Barajas*, 240 F.3d at 428).

[9] United States v. McSween, 53 F.3d 684, 686 (5th Cir. 1995).

observations, knowledge, and training of the law enforcement officers involved in the warrantless search."[10] Defendant argues that the smell of marijuana did not provide probable cause to search the trunk of his vehicle here because (1) it would be improbable to believe that the smell of marijuana would be coming from the trunk of the car, and (2) after the source of the smell—the baggie of marijuana—had been found in the passenger compartment, there was no longer probable cause to believe there was additional contraband in the trunk.

The Fifth Circuit, however, has expressly and repeatedly rejected similar arguments. Indeed, the court "has consistently held that the smell of marihuana alone may constitute probable cause to search a vehicle."[11] In *United States v. McSween*, it expressly held that this probable cause extends to the entire vehicle, not just the passenger compartment.[12]

> [Defendant] McSween contends that, even if the odor of marihuana gave [the officer] Price probable cause to search, the search should have been limited to the passenger area, where Price detected the smell. We disagree. It is well settled that, in a case such as this, the detection of the odor of marihuana justifies "a search of the entire vehicle." *Reed*, 882 F.2d at 149. As the Supreme Court stated in *Ross*, "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 456 U.S. at 825, 102 S.Ct. at 2173. *See also United States v. Johns*, 469 U.S. 478, 482, 105 S.Ct. 881, 884, 83 L.Ed.2d 890 (1985). The Court further observed that, if there is probable cause to suspect that the vehicle contains contraband, then the search may extend not only

---

[10] *Id.*
[11] United States v. Ibarra-Sanchez, 199 F.3d 753, 760 (5th Cir. 1999).
[12] *McSween*, 53 F.3d at 686.

to closed containers, but also to a "car's trunk or glove compartment." *Ross*, 456 U.S. at 823, 102 S.Ct. at 2172.[13]

Similarly, in *United States v. Reed* the Fifth Circuit held that "the detection of the odor of marihuana justified a search of the entire vehicle, including the locked compartment that was a likely place to conceal contraband."[14] And in *United States v. Villarreal*, it held that the detection of the odor of marijuana emanating from a vehicle furnished an officer "with probable cause to search the trunk."[15]

Despite this clear precedent, Defendant cites to other easily distinguishable Fifth Circuit cases to argue that the officers needed something more than the smell of marijuana—such as an informant tip or prior surveillance—to search his trunk. The Fifth Circuit precedent discussed above clearly establishes otherwise, and the cases cited by Defendant do not bear out such a requirement.[16] Rather, *United States v. Steele* cited by Defendant did

---

[13] *Id.* at 687.
[14] 882 F.2d 147, 149 (5th Cir. 1989).
[15] 565 F.2d 932, 937 (5th Cir. 1978).
[16] *See* United States v. Steele, 353 F. App'x 908, 910 (5th Cir. 2009) (holding that "[t]he detail of the information given by the informant, the real time updates given by the informant, and the corroboration of the information by Officer White were sufficient to establish probable cause that Steele's vehicle contained contraband" and that because the officer had probable cause to search the vehicle, he could "search the compartment under the carpet in the trunk of the vehicle"). Defendant also cites to *Horton v. California*, but the facts of that case do not align with the facts discussed in Defendant's brief. *Compare* Doc. 1073 *with* Horton v. California, 496 U.S. 128, 128 (1990) (holding that the Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view even though the discovery of the evidence was not inadvertent).

not involve the smell of marijuana, and instead, the court found that the officer had probable cause to search the defendant's vehicle in light of "[t]he detail of the information given by the informant, the real time updates given by the informant, and the corroboration of the information" by the officer.[17] The court also held—consistent with the Fifth Circuit precedent discussed above—that once the officer had probable cause, he could search the entire vehicle including a compartment under the carpet in the trunk of the vehicle.[18]

Accordingly, the Government has carried its burden to show that the warrantless search of Defendant's trunk was constitutional under clear Fifth Circuit law. Defendant has not alleged sufficient facts that, if proven, would justify relief and is therefore not entitled to an evidentiary hearing or the requested suppression of evidence.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 17th day of September, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Steele*, 353 F. App'x at 910.
[18] *Id.*